## CHAMBERS v. CHAMBERS' ESTATE.

No. 33577.  Feb. 7, 1950.

*214 P. 2d 901.*

Hughes & Hughes, of Hobart, for plaintiff in error.

L. B. Clay, of Hobart, for defendant in error.

WELCH, J. Appellant appeals from the judgment and asserts that it is against the clear weight of the evidence and is contrary to law.

It appears that in the year 1945, the ward, Nevada E. Chambers, was declared insane by the county court of Kiowa county, and that appellant, who is her husband, was appointed guardian of her person and estate. Three minor children of the parties were at the time living with them in their home. Mrs. Chambers, prior to and at the time she was adjudged to be insane, was the owner of a house and lot in Roosevelt, Okla. The property was non-income producing property. The house on the lot, under order of the county court, was thereafter sold by appellant guardian as personal property at private sale for the sum of $700. This amount was paid to and received by him. The evidence shows that appellant did not file his annual account for the years 1945 and 1946, although several times directed to do so by the court. His first annual account was filed March 27, 1947, and shows the following receipts and disbursements from the date of this appointment until the date of the filing of the account:

| | |
|---|---|
| Receipt from sale of house | $700.00 |
| Disbursements: | |
| Purchase of two hogs slaughtered as food for minor children of ward | $ 75.00 |
| Clothing for minor children of ward | $125.00 |
| Groceries to feed minor children of ward | $180.00 |
| Attorney's fees | $ 50.00 |
| Total amount paid out | $430.00 |
| Balance on hand | $270.00 |

No receipts or vouchers were filed and presented with the account.

No protest was filed against the account. The court, however, on its own motion, set the account for hearing and directed that testimony be taken thereon.

The court after the hearing found that appellant as guardian of the estate had dissipated the assets thereof and disallowed the account as to all items paid out except $50 attorney's fee, and allowed $10 not claimed, for court costs paid the clerk of the court and surcharged his account in the sum of $370, removed him as guardian and appointed a new guardian in his stead. The judgment was affirmed by the district court on appeal, from which judgment this appeal is prosecuted.

The judgment of both the county and district court was apparently rendered on the theory that appellant guardian, being the husband of the ward, and father of the minor children, had no right to use any of the fund for the support of the minor children, but it was his duty to support them with funds of his own. It is, of course, true that it is the primary duty of the father to support the minor children of the family. 10 O.S. 1941 §4; Donnell v. Dansby, 58 Okla. 165, 159 P. 317. This rule, however, is subject to the qualification where the father is not mentally, physically or financially able to support the children, the court in such cases may and should make an allowance to the father out of the estate of the children for their support where they are possessed of such estate. 10

O. S. 1941 §7; Cotner v. Lon Jacobs Grocery Co., 84 Okla. 1, 202 P. 997. In Vol. 39 C. J. S. page 101, §62, it is said:

"A father, being under the legal duty to support his children, even though they have independent means, . . . cannot, as their guardian, be allowed anything out of their estate for their support, unless he is financially unable to support them, in which event the allowance should not be of the entire cost of support but only of such amount as was necessary to be used in view of the father's inability; . . . The father-guardian is under a duty to provide his child with support and education out of his personal funds unless and until it is shown in a proper proceeding that it is necessary to dispose of the infant ward's estate, or some portion thereof, in order to defray such expenses. It has been considered that an order preceding the expenditure is a prerequisite to the allowance to the father-guardian of expenditures for the ward's support, and the proper procedure is for him to secure a court order in advance of an expenditure from the ward's estate, but where the conditions are such as would have moved the court to make an allowance to the father-guardian it may make such allowance after the expenditure even though no precedent order was obtained, and an allowance may be made even though the father-guardian has been remiss in his keeping of accounts."

The property of an incompetent ward may be sold under order of the county court and the proceeds used by the guardian to support the minor children of the ward. 58 O.S. 1941 §821; Jefferson v. Winkler, 26 Okla. 653, 110 P. 755.

The evidence in our opinion quite conclusively shows that appellant because of his physical condition is unable to support his minor children. He testified that some time ago he contracted a disease of his eyes which resulted to a certain extent in impairing his vision; that he can no longer see out of one of his eyes and the vision of the other is also to some extent impaired and he is so handicapped thereby that it is difficult for him to work; that he is without means to support the children; that he has been able to work very little in the last few years. In this respect he is supported by Mrs. Thompson, his daughter.

Appellant further testified that he purchased the articles as stated in his account for the use of the minor children and that he paid therefor the amounts therein stated. He further testified that he purchased and with his own funds paid for the house sold under the order of the court; that title was placed in the name of his wife in order that she might be protected in case anything should happen to him; that after he was dismissed and discharged by the county court he made application to the County Welfare for assistance because of his physical condition; that the application was allowed; that he is now drawing $54 per month from the Welfare Board for the support of the children.

This, in substance, constitutes the evidence offered by appellant in support of his account. There has been offered no evidence to the contrary. We think it sufficient to show that appellant, husband of the ward and father of the children, is physically unable to earn money sufficient to support the minor children and has no means with which to do so; that the articles purchased as stated in his account were used for the support of the minor children as claimed in the account and that the amount expended for such purpose is not excessive. It is shown that from August 25, 1945, to March 27, 1947, a period of nineteen months, he expended for the support of the three minor children the sum of $380, or an average of $20 per month. This in our opinion was a reasonable and proper expenditure.

The statute, 10 O.S. 1941 §4, provides that where the father of the minor children is unable to support them the mother must assist him to the extent

of her ability. Therefore, since the evidence shows that the father of the children and husband-guardian of the mother is unable to support them, he had the right as the representative and guardian of the mother to use the fund derived from the sale of her private property as far as reasonably necessary for their support.

The finding of the county court, and affirmed by the district court on appeal, that appellant as guardian was guilty of dissipating the assets of the ward is not sustained by the evidence. Appellant's account as guardian should have been approved.

Counsel for appellee asserts that the house was ordered sold under the provisions of 58 O.S. 1941 §822, and that the court in its order authorizing the sale directed that the proceeds derived therefrom be invested by the guardian in other property for the benefit of the ward and that the appellant was therefore without authority, under the provisions of this order, to use any part of the fund for the support of the minor children of the ward.

Counsel for appellant contends that the property was sold under the provisions of section 821 for the purpose of obtaining funds for the support and maintenance of the minor children of the ward. Appellant testified that the property was sold for that purpose.

The order of sale issued by the county court does not appear in the record. Counsel for appellee has, however, inserted in his brief an instrument which he asserts is a copy of such order. We have examined this inserted copy. It does not sustain the contention of appellee. It does not direct the manner in which the fund derived from the sale of the house should be used. It does not direct that the same shall be invested by the guardian in other property for the benefit of the ward. The contention of counsel that appellant was precluded by the order of the court from using any part of the fund for the support of the minor children of the ward cannot be sustained.

The appeal in this case is governed by the rule applicable to appeals in cases of equitable cognizance. In such case this court will consider and weigh the evidence and if the judgment is found to be against the clear weight thereof, will reverse the judgment and render or cause to be rendered such judgment as the trial court should have rendered. Hartford Accident & Indemnity Co. v. Hembree, 193 Okla. 249, 142 P. 2d 618.

After carefully considering and weighing the evidence, we conclude that the judgment rendered by the county court and affirmed by the district court on appeal is against the clear weight of the evidence. Judgment reversed, with directions to enter judgment in favor of appellant guardian approving his account, to set aside the order removing him as guardian of the incompetent, and to reinstate him as guardian.

DAVISON, C.J., and CORN, GIBSON, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.